## The Grand Rapids, Newaygo & Lake Shore Railroad Company v. Charles G. Alley and another.

*Railroads: Proceedings to condemn lands: Parties: Tenants in common: Partial condemnation.* Under a statute requiring all parties interested to be brought in, it is not competent, in proceedings to condemn land, to dismiss as to a portion of the joint owners and proceed as to others; a partial condemnation of an undivided interest can furnish no benefit to a railroad in building its track.

*Heard April 11.    Decided April 18.*

Appeal from Probate Court of Newaygo County.

No counsel appeared for the railroad company.

*Smith, Nims & Erwin,* for respondents.

CAMPBELL, J:

In this case a petition to the probate court for the condemnation of lands set forth that there was necessity for condemning, for the purposes of the petitioner's railroad, no lands in Newaygo county except the undivided half of certain lands described, and that respondents were the only persons interested in such undivided half.    The petition was referred to a jury, who found the necessity and condemned the interest in question.

GRAND RAPIDS, NEWAYGO & LAKE SHORE R. R. COMPANY
v. ALLEY.

During the hearing an amendment was allowed which set forth that the land in which respondent owned an undivided half was owned by them and George Alley and George M. Smith equally, as tenants in common holding each one-fourth interest, and that proceedings had been had under the railroad law to condemn the interest of George Alley and George M. Smith, which had been confirmed, and that further separate proceedings were pending against the interest of James Alley, and that the present proceedings were instituted to reach only the interest of Charles G. Alley.

This was practically a dismissal as to James Alley, and was in direct violation of the statute which requires all parties in interest to be brought in. This question is disposed of in the appeal of George Alley and George M. Smith, *supra p.* 16, and need not be further discussed. A partial condemnation of an undivided interest can furnish no benefit to a railroad in building its track.

The remaining questions are not important where the want of jurisdiction is manifest.

The proceedings must be quashed, with costs of both courts.

The other Justices concurred.